IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-CR-248-SEH |
| ) | |
| JEFFRY ALAN CLAIN, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Jeffry Clain ("Clain"), by and through his attorney, Terry L. Weber respectfully submits this sentencing memorandum for the court's consideration in fashioning an appropriate sentence for Mr. Clain.

Mr. Clain recognizes that his offense is serious and demands punishment. Mr. Clain has accepted responsibility for his conduct. Mr. Clain understands the consequences of his previous actions and will not repeat those actions.

Mr. has no criminal history, not even an arrest, and he has always been gainfully employed.

The United States Supreme Court directs sentencing courts to look beyond the crime and tailor a sentence to the convicted person. *see Pepper v. United States,* 562 US 467 (2011). "It has been uniform and constant in the federal sentencing tradition for the sentencing judge to consider every convicted person as an individual

1

and every case is a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." (citing *Koons v. United States*, 518 US 81, 113 (1996)).

Before this court is a 58-year-old that has made soon terrible decisions. Those decisions can be at least partly explainable because of his horrible childhood and associated physical and mental issues. His physical and mental issues are not an excuse for his actions but help explain why he took those actions. Mr. Clain appears to have spent his life looking for companionship, unfortunately, in an unacceptable manner. As his mother has said "he did not learn to properly develop a male friendship." She also advised that Jeffry has no social skills, making it difficult for him to make and keep friends.

When crafting a sentence, the district court must be guided by the "parsimony principle" – that the sentence be "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment, as expressed in § 3553(a) (2). 18 U.S.C. § 3553(a); see also *United States v. Defoor*, 535 F.3d 763, 763 (8th Cir. 2008) (discussing the "parsimony' doctrine, which provides that the sentence imposed should be the least severe sanction necessary to achieve the purpose of sentencing"); *United States v. Rodriquez*, 527 F.3d 221, 228 (1st Cir. 2008) (noting that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is,

rather, a tapestry of factors, through which runs the thread of an overarching principle," which is "sometimes referred to as the 'parsimony principle'"). In *United States v. Begay*, 470 F.3d 964, 976 (10th Cir. 2006), *rev'd on other grounds*, 128 S.Ct 1581 (2008), the court observed that "in any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range." However, "a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553 (a)(2)." *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (quoting *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007)). Sentencing judges may impose sentences that vary from the guideline range based on a policy disagreement with the guidelines. See e.g. Spears v. United States, 555 U.S. 261, 263-67 (2009) (per curiam) Kimbrough, 552 U.S. at 109-10. "Ki*mbrough*, authorized District Judge to vary from the guidelines based on policy disagreements with those guidelines and not simply based on individualized determination." United States v. Lopez-Macias, 661 F.3d 485, 490 (10th Cir. 2011). In *Spears*, the Supreme Court explained that a guideline may be rejected on categorical, policy grounds, even in a mine run case, and not simply based on an individualized determination that it yields an excessive sentence in the particular case." *United States v. Beiermann*, 599 F. Supp. 2d 1087 (N.D. Iowa 2009) (citing Spears, 555 U.S. at 262).

3

WHEREFORE, the intent of Congress is for the sentencing Court to impose a sentence sufficient, but not greater than necessary.

Respectfully

/s/ Terry L. Weber

Terry L. Weber, OBA #10149
WEBER & ASSOCIATES, P.C.
320 South Boston, Suite 825
Tulsa, Oklahoma 74103
(918) 582-1910
(918) 582-2015 Fax
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August 2025, I electronically submitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to ECF registrants:

**/s/ T. L. Weber**
Terry L. Weber